MAX ALBERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11719. Promulgated April 11, 1928.

*Dallas Dillinger, Jr., Esq.*, for the petitioner.
*R. H. Ritterbush, Esq.*, for the respondent.

OPINION.

SIEFKIN: This proceeding involves the question as to whether the respondent erred in failing to allow, as a deduction from income of the petitioner in 1921, an alleged loss of $17,000, claimed to have been sustained by petitioner upon the sale of its stock, fixtures and accounts receivable in 1921.

Section 202 (a) of the Revenue Act of 1921 provides:

That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

(1) In the case of such property, which should be included in the inventory, the basis shall be the last inventory value thereof; * * *

The testimony of the petitioner indicates that the petitioner made use of inventories in reporting income and that an inventory was taken at January 1, 1921, but such inventory was not submitted in evidence. The only remaining basis then for ascertaining gain derived or loss sustained is the cost of the fixtures, accounts receivable and merchandise. An inventory taken on March 30, 1921, was introduced in evidence which showed the following:

| | |
|---|---|
| Merchandise | $16, 370. 75 |
| Fixtures | 2, 067. 00 |
| Accounts receivable | 26, 994. 25 |

There is no evidence to indicate that the figure representing fixtures is the cost thereof nor is it shown how such figure was arrived at.

The petitioner operated upon the cash receipts and disbursements basis, and the accounts receivable represent sales of merchandise

the amount of which has not been received in cash, and, therefore, has not been reported as income. The cost of merchandise represented by the accounts receivable is not shown.

The evidence discloses that the value assigned to merchandise on hand on March 30, 1921, represents the actual cost thereof. However, the business was sold on April 15, 1921, and in the interim the petitioner purchased merchandise and also sold part of that which was on hand. No evidence is submitted as to the cost of the merchandise sold during this period. It is, therefore, impossible to determine the cost of the merchandise on hand on April 15, 1921.

In view of all the evidence we must hold that the petitioner has failed to sustain his burden of proving the basis for ascertaining the gain derived or loss sustained from the sale of his business.

*Judgment will be entered for the respondent.*